## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2019, 11:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary A. Witte
Locke & Witte
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert S. Potter, II,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 30, 2019

Court of Appeals Case No.
19A-CR-1050

Appeal from the Allen Superior Court

The Honorable Frances Gull, Judge

Trial Court Cause No.
02D05-1812-F6-1515

**Pyle, Judge.**

# Statement of the Case

Robert S. Potter, II ("Potter") appeals following his guilty plea to Level 6 felony unlawful possession of a syringe,[1] Class A misdemeanor resisting law enforcement,[2] Class C misdemeanor possession of paraphernalia.[3]  He argues that the two-year sentence imposed for his Level 6 felony conviction is inappropriate.  Concluding that Potter has failed to show that his sentence is inappropriate, we affirm his sentence.

We affirm.

# Issue

> Whether Potter's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

# Facts

In December 2018, the State charged Potter with Level 6 felony unlawful possession of a syringe, Class A misdemeanor resisting law enforcement, Class C misdemeanor possession of paraphernalia in this current case, Cause 02D05-1812-F6-1515 ("Cause F6-1515").  Potter was released on bond from Cause F6-1515 on December 15, 2018.

---

[1] IND. CODE § 16-42-19-18.

[2] IND. CODE § 35-44.1-3-1.

[3] I.C. § 35-48-4-8.3.

[4] Approximately one month later, the State charged Potter with committing additional crimes while out on bond. Specifically, on January 22, 2019, the State charged Potter, under Cause 02D05-1901-F6-97 ("Cause F6-97"), with Level 6 felony unlawful possession of a syringe and Class B misdemeanor possession of marijuana. Two days later, the State charged Potter with Level 6 felony unlawful possession of a syringe in Cause 02D05-1901-F6-95 ("Cause F6-95").

[5] On February 4, 2019, he pled guilty as charged in Cause F6-1515, Cause F6-97, and Cause F6-95.[4] The trial court took his pleas under advisement and placed Potter into the Allen County Drug Court Treatment Program ("drug court program"). On February 25, 2019, Potter failed to appear in court for a drug court program compliance hearing. Thereafter, the trial court revoked Potter's bond and issued a warrant for his arrest. Potter was also terminated from the drug court program.

[6] In April 2019, the trial court held a joint sentencing hearing for Cause F6-1515, Cause F6-97, and Cause F6-95. At the time of the sentencing hearing, Potter had a pending cause, Cause 02D04-1903-F6-266, in which he had been charged with Level 6 felony unlawful possession of a syringe, Class A misdemeanor resisting law enforcement, Class B misdemeanor false informing. He also had

---

[4] Potter did not include a copy of his plea agreements in his Appendix. Additionally, the transcript of Potter's guilty plea hearing is not included in the record on appeal because he did not request transcription of it when he filed his notice of appeal.

an active warrant from Tennessee for probation violations in three separate causes. Potter admitted that he was addicted to drugs and that he had used heroin and methamphetamine.

[7] The presentence investigation report ("PSI") revealed that thirty-six-year-old Potter has a criminal history dating back to 2001 when he was nineteen years old, and it includes thirty-five convictions spanning three states. His felony convictions include the following: aggravated assault with a deadly weapon (2002 in Florida); possession of cocaine (2007 in Florida); drug possession of a controlled substance (2009 in Florida); sale of a schedule II drug (2010 in Tennessee); and possession with intent to sell (2010 in Tennessee). Potter also amassed the following misdemeanor convictions: theft (2001 in Florida); culpable negligence with a motor vehicle (2002 in Florida); illegal possession of alcohol by a minor (2002 in Florida); resisting/obstructing an officer (2002 in Florida); criminal impersonation (2004 in Tennessee); reckless driving (2004 in Florida); evading arrest (2004 in Tennessee); theft by shoplifting (2006 in Tennessee); possession of drug paraphernalia (2006 in Tennessee); theft (2007 in Florida); operating while driver's license suspended (2007 in Florida); three different convictions for possession of drug paraphernalia (all three in 2007 in Florida); driver's license suspended/revoked (2007 in Florida); theft (2008 in Florida); loitering (2009 in Florida); theft (2010 in Tennessee); invasion of privacy (2010 in Indiana); domestic assault (2010 in Tennessee); simple possession/casual exchange (2010 in Tennessee); possession of drug paraphernalia (2010 in Tennessee); driving while suspended (2010 in

Tennessee); theft (2012 in Tennessee); possession of a legend drug (2012 in Tennessee); driving while license is cancelled (2012 in Tennessee); criminal trespass (2014 in Tennessee); and aggravated criminal trespass (2014 in Tennessee).

[8]     When sentencing Potter, the trial court found his guilty plea, acceptance of responsibility, and remorse to be mitigating circumstances. When discussing aggravating circumstances, the trial court stated:

> The Court does find as an aggravating circumstance your prior criminal record with failed efforts at rehabilitation covering a period of time from 2001 to 2018; you are a multi-state offender in Indiana, Tennessee, and Florida; you have 29 misdemeanor convictions and six prior felony convictions. You've been given short jail sentences, longer jail sentences, active adult probation, community control, unsupervised probation, multiple attempts at treatment, and then the Drug Court Program. In [C]ause F6-97, you were on bond [from Cause F6-1515] at the time you committed that offense. I note that you've got active warrants pending in Tennessee for probation violations and there are pending charges filed here in Allen Superior Court. . . . I agree with your attorney . . . that it's a miracle that you're here. You are 36 years old; according to your letter, you have overdosed five times, three of which required professional medical intervention, one with hospitalization. We take folks in the Drug Court Program, Mr. Potter, as we find them. Unfortunately, we found you, you came into the Drug Court Program, and you were not ready for Drug Court, and that's really unfortunate because that was really your best opportunity to get clean and stay clean, and I hope you're ready now. I mean, you weren't ready when you started. I think your attorney is correct in saying you need to sit down for a real long time and let recovery take over your life, because if it doesn't, Robert, I don't want to read

your name in the obituaries and that's where it's gonna end up if you cannot get this under control. You have the ability to do that. You're not a failure.

(Tr. Vol. 2 at 9-10). For Cause F6-1515, the cause on appeal, the trial court imposed concurrent terms of two (2) years for Potter's Level 6 felony unlawful possession of a syringe conviction, one (1) year for his Class A misdemeanor resisting law enforcement conviction, and sixty (60) days for his Class C misdemeanor possession of paraphernalia conviction.[5] The trial court also recommended that Potter be placed in the Recovery While Incarcerated program. Potter now appeals.[6]

## Decision

Potter argues only that his sentence for his Level 6 felony unlawful possession of a syringe is inappropriate. He asks this Court to decrease his Level 6 felony sentence to a term of one year.

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The

---

[5] In Cause F6-97, the trial court imposed concurrent terms of two (2) years for Potter's Level 6 felony unlawful possession of a syringe conviction and 180 days for his Class B misdemeanor possession of marijuana conviction. The trial court ordered that Potter's sentence in Cause F6-97 be served consecutively to his sentence in Cause F6-1515. For Cause F6-95, the trial court imposed a two (2) year sentence for Potter's Level 6 felony unlawful possession of a syringe conviction and ordered it to be served concurrently to Cause F6-97.

[6] Potter has also filed an appeal of his sentence in Cause F6-97. The appellate cause number for that appeal is 19A-CR-1040, and a memorandum decision in that appellate cause is being handed down on the same day as this current appeal.

defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).  The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*.

[11]     When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. In this cause, Potter entered a guilty plea and was convicted of Level 6 felony unlawful possession of a syringe, Class A misdemeanor resisting law enforcement, Class C misdemeanor possession of paraphernalia.  A Level 6 felony has a sentencing range of six (6) months to two and one-half (2½) years with an advisory sentence of one (1) year.  I.C. § 35-50-2-7(b).  The trial court imposed a sentence of two (2) years for Potter's Level 6 felony conviction.[7] Thus, the trial court imposed a sentence below the maximum allowed under the

---

[7] The trial court also imposed concurrent terms of one year for his Class A misdemeanor conviction and sixty days for his Class C misdemeanor conviction, but he does not challenge these sentences as inappropriate.

statute. Additionally, the trial court recommended that Potter be placed in a drug treatment program while incarcerated.

[12] Turning first to the nature of Potter's unlawful possession of a syringe offense, we note that the probable cause affidavit attached to the PSI indicates that a police officer encountered Potter at the home of a person who was on home detention. While the officer was doing a home detention check of the residence, he saw Potter quickly put something into his front pants pocket. The officer patted down Potter and discovered a pipe used to smoke methamphetamine. Potter pulled away from the officer and attempted to grab the pipe from his pocket. Potter then struggled with the officer when being secured in handcuffs. As the officer continued his pat down of Potter, he found a syringe in Potter's pocket, and Potter told the officer that he had used it to inject himself with heroin.

[13] Turning to Potter's character, we note that his poor character is revealed by an extensive criminal history that spans decades and includes multiple probation revocations. His criminal history includes twenty-nine misdemeanor and six felony convictions. Potter was convicted of Level 6 felony unlawful possession of a syringe in each of the three causes involved in his sentencing hearing, and, at the time of sentencing, he had a pending charge for Level 6 felony unlawful possession of a syringe conviction in another cause. Potter admitted that he was addicted to drugs. Additionally, the PSI shows that Potter, during various periods of his life, has used alcohol, marijuana, acid, ecstasy, cocaine, heroin, and methamphetamine. Indeed, his use of many of these drugs included daily

use for multiple years. The trial court gave Potter the opportunity to participate in the drug court program, but he squandered that chance. Potter's criminal history and current offenses show that he has a disregard for the law.

[14] Potter has not persuaded us that his two-year sentence for his Level 6 felony unlawful possession of a syringe conviction is inappropriate. Therefore, we affirm the sentence imposed by the trial court.

[15] Affirmed.

Robb, J., and Mathias, J., concur.